LASSER HOCHMAN, LLC
75 Eisenhower Parkway
Roseland, New Jersey 07068
973-226-2700
Attorneys for Defendant New Century Bank
jwenzke@lasserhochman.com
rzucker@lasserhochman.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MEHRNAN MEHRNIA, | : | |
| | : | |
| Plaintiff, Counterclaim Defendant, | : | Civil Action No. 10-cv-04159-PGS-ES |
| | : | |
| vs. | : | |
| | : | |
| NEW CENTURY BANK (also doing business as Customers 1st Bank), as Successor in Interest to USA Bank, | : | **COUNTERCLAIM** |
| | : | |
| Defendant, Counterclaim Plaintiff. | : | |

Defendant, New Century Bank (also doing business as Customers 1st Bank), as successor in interest to USA Bank, states as follows:

### JURISDICTION AND VENUE

1.      The District Courts of the United States have original jurisdiction of this matter under 28 USC §1332 because it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive or interest and costs, and is between citizens of different states.

2.      In addition, the District Courts of the United States also have original jurisdiction of this matter pursuant to 12 U.S.C. § 1332,  as referenced in the Notice of Removal filed with the Court on August 13, 2010.

3.      Venue in this Court is proper under 28 USC §1391(a) as the plaintiff resides in this district.

## PARTIES

4.      According to the complaint, plaintiff Mehran Mehrnia is a citizen of the State of New Jersey residing in Demarest, New Jersey.

5.      Counterclaim Plaintiff New Century Bank is a bank chartered by the Commonwealth of Pennsylvania with its principal place of business located at 99 Bridge Street, Phoenixville, Pennsylvania and is a citizen of Pennsylvania.

## BACKGROUND

6.      On August 9, 2007, for value received plaintiff/counterclaim defendant, Mehran Mehrnia, (hereinafter the "Counterclaim Defendant " or "Mehrnia"), executed and delivered to USA Bank, predecessor in interest to New Century Bank (hereinafter the "Counterclaim Plaintiff") a promissory note in the amount of $3,400,000 (hereinafter the "Note").

7.      As of July 9, 2010, (a) the Federal Deposit Insurance Corporation, receiver of USA Bank and New Century Bank entered into a written Purchase and Assumption Agreement pursuant to which New Century Bank is the successor in interest to all right, title and interest of USA Bank with respect to the Note.

## FIRST COUNT
## (Breach of Contract)

8.      Pursuant to the Note, between August 9, 2007 and January 23, 2009, USA Bank, as predecessor in interest to New Century Bank, advance the principal sum of $3,392,073.10 to Counterclaim Defendant Mehrnia.

2

9.      Commencing on October 1, 2007, and then on the first day of each month thereafter, the Note required that Counterclaim Defendant Mehrnia  to pay installments of accrued interest on the outstanding principal owed at the annual rate of 8.99 percent.

10.  The Note also required that the entire unpaid principal and all outstanding accrued but unpaid interest to be paid on or before March 1, 2009.

11.      The Note provides that if any payment is more than ten (10) days late, Counterclaim Defendant Mehrnia  will be charged 5% of the unpaid portion of the payment due.

12.      The Note also provides that in the event of a default, including failure to pay the loan in full upon maturity, interest on the unpaid principal amount due under the Note will continue to accrue and that Counterclaim Defendant Mehrnia will be liable for additional charges and expenses incurred by the lender.

13.      Under the Note, in the event of default, Counterclaim Defendant Mehrnia is required to pay all expenses of collection including reasonable attorneys' fees.

14.      The Note constitutes a contract between Counterclaim Defendant Mehrnia and Counterclaim Plaintiff New Century.

15.      Counterclaim Defendant Mehrnia is in Default under the Note inasmuch as he has not paid the entire principal and all accrued interest when due on March 1, 2009 and has made on payment of any nature since at least April 1, 2009.

16.      Plaintiff's failure to tender the amounts due under the Note constitutes a breach of contract.

17.      As a result of Counterclaim Defendant Mehrnia's breach of contract, Counterclaim Plaintiff New Century has been damaged and is owed as of October 15, 2010 the

3

sum of $3,978,406.32 in principal, interest, late fees and associated costs (exclusive of attorneys

fees and other costs of collection and costs of Court).  Under the Note, interest continues to

accrue thereafter.

WHEREFORE, Counterclaim Plaintiff New Century hereby demand judgment against

Counterclaim Defendant Mehrnia, as follows:

a.    For compensatory damages;

b.    For costs and attorney's fees; and

c.    For all other relief which the Court seems just and appropriate.

## SECOND COUNT
## (Unjust Enrichment)

18.    Counterclaim Plaintiff New Century repeats and realleges and expressly

incorporates herein by reference all of the allegations in paragraphs 1 through 17 of its

Counterclaim as if fully set forth at length.

19.    Counterclaim Defendant Mehrnia has not repaid the loan to Counterclaim

Plaintiff New Century and yet has had the use of the proceeds.

20.    The use of the proceeds without payment to Counterclaim Plaintiff New Century

constitutes an unjust enrichment of Counterclaim Defendant Mehrnia  at the expense of

Counterclaim Plaintiff New Century.

21.    As a result of the unjust enrichment of  Counterclaim Defendant Mehrnia,

Counterclaim Plaintiff New Century has been damaged in an amount in excess of $3,978,406.32

in addition to attorneys' fees and costs of collection and interest that continues to accrue.

WHEREFORE, Counterclaim Plaintiff New Century hereby demands judgment against Counterclaim Defendant Mehrnia, as follows:

a.    For compensatory damages;

b.    For costs and attorney's fees; and

c.    For all other relief which the Court seems just and appropriate.

## THIRD COUNT
### (Promissory Estoppel)

22.    Counterclaim Plaintiff New Century repeats and realleges and expressly incorporates herein by reference all of the allegations in paragraphs 1 through 21 of its Counterclaim as if fully set forth at length.

23.    Counterclaim Defendant Mehrnia made a promise to Counterclaim Plaintiff New Century's predecessor in interest to repay the monies loaned to him.

24.    Counterclaim Defendant Mehrnia's promise was made with the expectation that the predecessor in interest of Counterclaim Plaintiff New Century would rely on that promise.

24.    The predecessor in interest of Counterclaim Plaintiff New Century did, in fact, rely on the promise of Counterclaim Defendant Mehrnia.

25.    Counterclaim Defendant Mehrnia's actions have caused damage to Counterclaim Plaintiff New Century in an amount in excess of $3,978,406.32 in addition to attorneys' fees and costs of collection and interest that continues to accrue.

WHEREFORE, Counterclaim Plaintiff New Century hereby demand judgment against Counterclaim Defendant Mehrnia, as follows:

a.    For compensatory damages;

5

b.   For costs and attorney's fees; and

c.   For all other relief which the Court seems just and appropriate.

Lasser Hochman, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Defendant/Counterclaimant
New Century Bank (also doing business as
Customers 1st Bank), as successor in interest
to USA Bank


By: _____/s/ John R. Wenzke_____
        JOHN R. WENZKE

Dated: November 11, 2010


P:\DOCS\SEC\JRW\New Century.Mehrnia\Counterclaim.wpd

6