NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mehran Mehrnia, | : |
| Plaintiff, | : Civil Action No. 10-4159 |
| v. | : |
| | : OPINION |
| NEW CENTURY BANK (also doing Business as Customers 1st Bank), as Successor in Interest to USA Bank, | : |
| Defendant. | : |

**CECCHI**, District Judge.

I. **INTRODUCTION**

This matter comes before the Court by Defendant/Counterclaim Plaintiff New Century Bank's ("New Century," "Defendant," or "Counterclaim Plaintiff") Motion for Summary Judgment against Plaintiff/Counterclaim Defendant Mehran Mehrnia ("Mehrnia," "Plaintiff," or "Counterclaim Defendant") on each of its counterclaims, pursuant to Federal Rule of Civil Procedure 56. The Court has considered the submissions made in support of the instant motion.[1] No oral argument was heard. Fed. R. Civ. P. 78. As of the date of this Opinion, Plaintiff has not filed opposition to Defendant's motion; therefore, the Court treats the motion as unopposed. See Green v. Essex County Superior Court Clerk, No. 02-1872, 2006 U.S. Dist. LEXIS 22151, at *2 n.1 (D.N.J. Apr. 6, 2006). Mehrnia will be deemed to have admitted all factual assertions

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

contained in the Statement of Undisputed Facts submitted by New Century. See L. Civ. R. 56.1 ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts . . . any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."); Thompson v. City of Newark, No. 08-1948, 2010 U.S. Dist. LEXIS 61897, at *8 (D.N.J. June 22, 2010). Based on the reasons that follow, Defendant's Motion for Summary Judgment is granted.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Mehran Mehrnia, a New Jersey resident, filed a complaint in the New Jersey Superior Court Law Division against Defendant New Century on August 4, 2010, alleging breach of contract, tortious bad faith, and promissory estoppel. (See Compl., ECF Docket No. 1.) New Century is a banking institution with a primary place of business in the state of Pennsylvania. (Compl. ¶ 3.) New Century (also doing business as Customers 1st Bank) is the Successor in Interest to USA Bank. (Compl. ¶¶ 3,4 & 6.)

According to the Complaint, Plaintiff purchased property located in Purchase, New York, for the purpose of constructing a luxury home. (Compl. ¶¶ 7-8.) In order to fund his project, Mehrnia acquired a mortgage from J.P. Morgan Chase Bank, for $2,145,000. (Id. ¶ 7.) He also applied to USA Bank for a construction loan in the amount of $5.4 million. (Id. ¶ 9.) According to Plaintiff, USA Bank's Chairman and CEO, Fred Decaro, Jr., told Mehrnia that the bank could not loan the full amount at one time, but he offered an initial loan for $3.4 million, with a personal guaranty that the additional $2 million loan would be issued at a later time. (Id. ¶ 10.) After accepting the first loan for $3.4 million, Plaintiff attempted to obtain the additional funding, but the bank refused to issue an additional loan. (Id. ¶ 13.) Mehrnia claimed that

because he did not have the additional funds to complete construction, the property did not attain a market value sufficient to pay off his property mortgage or construction loan. (Id. ¶ 17.)

Plaintiff asserted that USA Bank knew that he would not be able to fund his construction project without the additional funds. (Compl. ¶ 11.) He also alleged that the personal guaranty from USA Bank's CEO was made in order to induce him into taking the construction loan. (Id. ¶ 12.) Furthermore, Plaintiff asserted that "New Century Bank as Successor in Interest to USA Bank, is liable for the damages caused by the conduct thereof." (Id. ¶ 18.)

New Century removed the case to this Court on August 13, 2010. (See Notice of Removal, ECF Docket No. 1.) On November 11, 2010, New Century filed a motion to dismiss Plaintiff's complaint and filed counterclaims against the Plaintiff. (ECF Docket Nos. 5, 7.) In its motion to dismiss, New Century argued that the Notes and Mortgages "underlying the loans at issue state that the agreement between the parties is not subject to oral modification and [are] a complete expression of the agreement between the parties." (Def.'s Mot. to Dismiss 5, ECF Docket No. 6.) Following a hearing on March 22, 2011, the Honorable Peter G. Sheridan granted Defendant's motion to dismiss. (ECF Docket No. 15.)

In its Counterclaim, New Century asserts claims for breach of contract, unjust enrichment, and promissory estoppel. (See Def.'s Countercl., ECF Docket No. 7.) It claims that starting on October 1, 2007, Counterclaim Defendant Mehrnia was required to pay installments of accrued interest on the loan principal at the annual rate of 8.99 percent. (Countercl. ¶ 9.) Mehrnia was also required to pay the entire principal on or before March 1, 2009. (Id. ¶ 10.) New Century alleges that Mehrnia is now in default under the Note, as he has not paid the principal, nor any of the accrued interest on the loan, and he has not made any payments since April 1, 2009. (Id. ¶ 15.) New Century claims that as of October 15, 2010, Mehrnia owes the

3

principal, interest, late fees and other associated costs, not including attorney's fees and other costs related to this matter. (Id. ¶ 17.) Furthermore, New Century asserts that interest has continued to accrue since that date. (Id.) On September 2, 2011, New Century submitted a supplemental declaration, which was intended to accurately reflect the amount due under the Note at issue. (Letter from John R. Wenzke, Sept. 6, 2011, ECF Docket No. 24.) The Declaration explains that funds from Mehrnia's bank account, held with New Century, were applied to the amount owed by Mehrnia under the Note. (White Decl. ¶ 3, July 20, 2011, ECF Docket No. 24-1.) Thus, the total amount allegedly owed is $4,059,077.53, with interest accruing at $835.47 for each day after September 1, 2011. (White Decl. ¶ 6.)

New Century filed the instant motion for summary judgment on July 22, 2011. (See Defendant's Mot. for Summ. J., ECF Docket No. 21.) On September 13, 2011, Mr. Bronster, counsel for Plaintiff Mehrnia, submitted a letter to this Court requesting that the motion for summary judgment be stayed until Plaintiff retains new counsel, who would then file an opposition to the motion. (Letter from Jeffrey A. Bronster, Sept. 13, 2011, ECF Docket No. 25.) According to Mr. Bronster's letter, no opposition has been filed because he was "unable to formulate a position that [he] believed [he] could assert in good faith under the facts of the case." (Id.) The Honorable Joseph A. Dickson denied Mr. Bronster's request on September 22, 2011. (Letter Order, Sept. 22, 2011, ECF Docket No. 28.) As of the date of this Opinion, Plaintiff has not filed an opposition to Defendant's Motion for Summary Judgment.

### III. LEGAL STANDARD

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and,

construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there exists a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). A fact is "material" if a dispute about that fact "might affect the outcome of the suit under governing [substantive] law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. Id. at 249.

## IV. DISCUSSION

New Century brings the instant motion for summary judgment on its counterclaims for breach of contract, unjust enrichment, and promissory estoppel. (See Def.'s Mot. for Summ. J.) To sustain a breach of contract claim, New Century must establish: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that New Century performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007). Here, the undisputed evidence demonstrates that Mehrnia executed and delivered to USA Bank, predecessor in interest to New Century, a mortgage and promissory note (the "Note") for $3.4 million. (Statement of Undisputed Facts (SOF), ¶ 3; Wenzke Decl., July 22,

5

2011, Exs. G & H.) Pursuant to the Note, USA Bank advanced the sum of $3,392,073.10 to Mehrnia. (SOF ¶ 5; Wenzke Decl., Ex. D ¶ 8.) The note required Mehrnia to begin paying installments of accrued interest starting on October 1, 2007. (SOF ¶ 5; Wenzke Decl., Ex. H.) Mehrnia was also required to pay the entire principal and outstanding accrued interest by March 1, 2009. (SOF ¶ 6; Wenzke Decl., Ex. H.) The note also requires that if a payment is more than ten days late, Mehrnia will be charged 5% of the unpaid portion of the payment due. (SOF ¶ 7; Wenzke Decl., Ex. H.) Upon default, Mehrnia is also required to pay the full loan, in addition to interest, charges, and all expenses including reasonable attorneys' fees. (SOF ¶ 8; Wenzke Decl., Ex. H.)

Mehrnia undisputedly agreed to the provisions required under the Note, which he executed on August 9, 2007. (SOF ¶ 9; Wenzke Decl., Ex. J at T17:21-25; T18:1-25; T19:1-16.) Mehrnia has not paid the entire principal or accrued interest that came due on March 1, 2009, nor has he made a payment of any kind since at least April 1, 2009. (SOF ¶ 10.) Therefore, he is currently in default under this Note. (Id. ¶ 10.) As of July 9, 2010, the Federal Deposit Insurance Corporation (FDIC), receiver of USA Bank, entered into a written Purchase and Assumption Agreement ("Purchase Agreement") with New Century. (SOF ¶ 4.) According to the Purchase Agreement, New Century is the successor in interest to all right, title, and interest of USA Bank with respect to the Note. (Id. ¶ 4.) Therefore, New Century is entitled to summary judgment on its counterclaim for breach of contract.

New Century also succeeds on its unjust enrichment claim. "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994). Here, Mehrnia admitted that he executed the Note, in which he promised to repay the loan advanced by

6

New Century. (See Wenzke Decl., Ex. J.) Mehrnia has not repaid the loan to New Century, but he "has received the benefit from the loan proceeds advanced to him . . . at the expense of New Century." (Def.'s Mot. to Dismiss 16.) Therefore, the Court grants summary judgment on New Century's counterclaim for unjust enrichment.

Finally, New Century is entitled to summary judgment on its counterclaim for promissory estoppel. To establish a claim for promissory estoppel, New Century must prove: "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington, 194 N.J. 223, 253 (2008) (citing Lobiondo v. O'Callaghan, 357 N.J. Super. 488, 499 (App. Div. 2003)). Here, Mehrnia's execution of the Note is a "clear and definite promise," the terms of which Mehrnia knew that New Century would rely upon. See Toll Bros., Inc., 194 N.J. at 253; (see also Def.'s Mot. to Dismiss 18.). New Century did rely on this promise when it advanced the loan proceeds to Mehrnia and as a consequence, New Century incurred a "definite and substantial detriment" in the amount of $4,058,875.19. See Toll Bros., Inc., 194 N.J. at 253; (see also Def.'s Mot. to Dismiss 18.) Therefore, the Court grants summary judgment on New Century's counterclaim for promissory estoppel.

Based on the foregoing, the Court finds that there are no genuine issues of material fact. As such, the Court will grant summary judgment in favor of New Century, as Successor in Interest to USA Bank, on its counterclaims against Mehrnia, and will award damages in the amount of all remaining principal and interest on the loan, along with late fees provided for by the Note, reasonable attorneys' fees and court costs.

## V.    CONCLUSION

For the reasons set forth above, Defendant/Counterclaim Plaintiff New Century's Motion for Summary Judgment is granted.

An appropriate Order follows.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

DATED: February 10, 2012

8